## EXHIBIT A

Jesus ABREGO, et al.   Plaintiffs

v.

SEYPPEL GIN, LLC;  Edward Hollis
Clarke III;  and William W.
Clarke Defendants

No. 2:06CV00056 JLH.

United States District Court,
E.D. Arkansas,
Eastern Division.

Jan. 4, 2007.

Benjamin J. Weber, Southern Migrant Legal Services, Douglas L. Stevick, Southern Migrant Legal Services, Nashville, TN, for Plaintiff.

Kent J. Rubens, Rieves, Rubens & Mayton, Brian F. Walthart, Rieves, Rubens & Mayton, West Memphis, for Defendant.

### ORDER

HOLMES, District Judge.

The plaintiffs have filed a motion for protective order pursuant to Fed.R.Civ.P. 26(c) in which they request that the Court limit the method or location of plaintiffs' depositions. The defendants have served notice of depositions on the seven plaintiffs requiring them to appear for depositions at the offices of defense counsel in Little Rock, Arkansas. The plaintiffs ask the Court to order that the defendants may depose them in one of the following ways: (1) by telephone; (2) in person in the McAllen Division in the United States District Court for the Southern District of Texas; (3) in person in Arkansas if a plaintiff travels to Arkansas to secure employment; or (4) in the Eastern District of Arkansas at a time to be agreed upon by the parties during the week before trial. Plaintiffs' argument is that they are indigent migrant agricultural workers, and being required to travel from their places of residence in Hidalgo County, Texas, to Little Rock would be an undue burden. The defendants note that five of the seven plaintiffs have provided declarations, not affidavits, regarding their financial status; and defendants contend that some of the statements in the declarations are inconsistent with the proposition that these persons are indigent.

The Court has reviewed the pleadings in this case as well as the five declarations and is convinced that these plaintiffs are indigent. The declarations comply with 28 U.S.C. § 1746 and provide sufficient information to show that these persons are indigent. In addition, it is undisputed that these seven plaintiffs were hired as seasonal workers at a cotton gin in Eastern Arkansas, which is inconsistent with the notion that they have substantial income or substantial assets. The Court is convinced that it would be a great hardship for these seven persons to travel to Little Rock to appear for a deposition. The Court is also aware that the defendants in this case has legitimate budgetary concerns about being forced to travel to Hidalgo County, Texas, to conduct depositions in a lawsuit that has been filed in the Eastern District of Arkansas.

For these reasons, employees of this Court have spoken with employees of the United States District Court for the Southern District of Texas, McAllen Division, regarding the possibility of using court video conferencing equipment for the depositions of the seven plaintiffs. The Court has confirmed that video conferencing equipment can be made available so that plaintiffs can appear in the

McAllen Division of the Southern District of Texas and be deposed by defense counsel in the Little Rock Division of the Eastern District of Arkansas.

In the alternative, defense counsel may choose to depose the plaintiffs by telephone, in person, in Hidalgo County, Texas, in Arkansas if the plaintiffs should travel here for work, or in Arkansas during the week prior to trial.

Defense counsel must notify this Court's courtroom deputy, Cory Wilkins, by noon on January 12, 2007, if the defendants choose to use the Court's video conferencing equipment.

Plaintiffs' Rule 26(c) motion for protective order is GRANTED. Document # 18.